Davis et al. *v.* Cheves.

AARON DAVIS et al. *v.* T. A. CHEVES, Probate Judge, use, &c.

EXECUTOR AND ADMINISTRATOR: FINAL ACCOUNT BY, AFTER REVOCATION OF LET-
TERS.—The Probate Court has jurisdiction to examine and allow a final account
rendered by an administrator after the revocation of his letters. ·

IN error from the Circuit Court of Yalobusha county.   Hon. W. L. Harris, judge.

*F. M. Aldridge,* for plaintiff in error, .

Cited *Washburn* v. *Dorsey,* 8 S. & M. 214; *Green* v. *Tunstal,* 5 How. 638.

*Edward C. Walthal,* for defendant in error,

Contended that it was the settled law of this court, that the sureties of an administrator could not be sued on their bond until the liability of the administrator had been first fixed, and that the statute made it peremptory on the Probate Court to revoke the letters of the administrator upon his failure to give new security when required; and that if the position of the counsel for plaintiff in error be correct, it would be impossible in such a case ever to reach the sureties.   Certainly this was never contemplated by the legislature, and it seems clear that the administrator must be permitted to account after his letters were revoked, as the statute does not provide that he should be kept in office with worthless sureties, until he should see proper to render his final account.

FISHER, J., delivered the opinion of the court.

This was an action in the name of the Probate judge of Yalo-

busha county for the use of the distributees of an estate, upon the administration bond executed by Davis as principal, and the other parties as his securities.

It appears that Davis, the administrator, upon the petition of one of his securities, was required to give a new bond with other securities; that failing to comply with this order, his letters of administration were revoked, and that he afterwards made a settlement of his accounts.

The answer to the complaint sets up as a defence, that the order of the court requiring this settlement to be made is void, as the court had no jurisdiction over the administrator after the revocation of his letters of administration. To this answer the plaintiff below demurred, and the court sustained the demurrer. The defendants failing to answer over, a judgment was rendered for the amount of the account and interest, as decreed by the Probate Court.

The Probate Court, by the grant of letters of administration, acquired full and complete jurisdiction over the administrator, and this jurisdiction continued until the administrator should make his final settlement touching the matters connected with the administration. The order revoking the letters had reference to the future, and not to the past, administration. As to the past, the administrator was still an officer of the court, and bound to account, according to the obligation imposed upon him both by his bond and oath, at the time he received his letters of administration. His undertaking was to account with the court in regard to the various matters connected with the administration, and he cannot therefore complain, that he has been compelled to account at a time when his power as administrator was at an end. He is only required to account for what he did as administrator, or omitted to do, while thus acting.

Judgment affirmed.